BORUS WATON, PLAINTIFF-RESPONDENT, v. WILLIAM OKIN AND JOSEPH ISAACS, DEFENDANTS-APPELLANTS.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellants, *Aaron Marder.*

For the respondent, *William N. Becker.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment upon verdict in favor of the plaintiff below in an action to recover upon a contract for plumbing work in the building known as 376 Williams street, East Orange.

The complaint consists of two paragraphs, the first alleging a verbal contract entered into between the parties on October 3d, 1928, whereby plaintiff agreed to furnish the labor and materials necessary to complete the plumbing work in the aforesaid building for the sum of $1,500 and whereby the defendants agreed, upon performance, to pay such sum to the plaintiff, and the second alleging that the plaintiff "did and performed all things required to be done and performed by him" and was on November 23d, 1928, paid by defendants $750 on account, leaving a balance of $750 due and unpaid and demanded by the plaintiff with interest from November 23d, 1928.

To this complaint the defendants pleaded the general issue in this language: "They deny the truth of the matters contained in the complaint."

At the trial of issue thus tendered the defendants-appellants attempted to show by a witness, who was a plumber, that some eighty-two stop valves were missing as were also certain slop sinks and he was asked upon direct examination upon the part of the defendants by whom he was offered.

"*Q.* Do you remember what your bill was for fixing up these odds and ends when you went there?"

This was objected to upon the ground that the plaintiff had in his complaint alleged, generally, performance of his contract with the defendants and they not having specifically alleged non-performance were precluded from showing specific non-performance but that such pleadings raised only the issue of no contract or complete non-performance if there were a contract.

This ruling was rested upon section 118 of the Practice act of 1903 (*Pamph. L.* 1903, *p.* 570; 3 *Comp. Stat., p.* 4089), which is as follows:

"Either party to an action may aver performance of conditions precedent generally; and the opposite party shall not deny such averment generally, but shall specify in his pleading the condition precedent, the performance of which he intends to contest."

Under the rules of pleading and practice at common law

it was necessary for the plaintiff to plead and prove performance specifically but this was changed by statute and Chief Justice Beasley, in *Vreeland* v. *Beekman* (1872), 36 *N. J. L.* 13, refers to it in language practically identical with the statute of 1903, *supra,* and upon a demurrer to a declaration there said not to be sufficient because it declared performance generally and not specifically held that judgment upon demurrer should go to the plaintiff.

From thence to the present time such a provision as section 118 of the Practice act of 1903 has remained as a part of our statutes regulating practice and procedure and that notwithstanding the supplement of 1912. *Pamph. L.* 1912, *p.* 377.

In *Delaware River Quarry and Construction Co.* v. *Hunterdon County,* 86 *N. J. L.* 294, this court construed and applied this section of the Practice act.

Appellant urges that section 40 of the rules, contained in schedule A of the supplement of 1912, *supra,* changes the practice and procedure before referred to but that is not so.

Further, it is insisted that rules 36 and 58 of the Supreme Court accomplish this purpose and make for this result. Not so.

The pleadings in the case before us raised only the following issues; that there was no contract between the parties, or if there was such a contract there was complete failure of performance thereof.

There was, therefore, no error in the rulings of the trial court as complained of.

The remaining ground is that the judgment should be reversed because the trial court was guilty of abuse of discretion in refusing to make absolute a rule to show cause why the verdict should not be set aside upon the ground of newly discovered evidence for the reason "that the verdict was so patently a result of mistake, passion, prejudice or partiality" as to require its setting aside.

We find nothing under this point requiring either comment or discussion.

The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.